915 F.2d 738
 286 U.S.App.D.C. 295
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jeffrey YOUNG-BEY, Appellant.
 No. 89-3039.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1990.
 
 Before RUTH BADER GINSBURG, SENTELLE, and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Pursuant to D.C.Cir.Rule 13(i), this case was considered on the record, the presentations in the briefs, and appellant's answer to the court's order to show cause. The court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons indicated in this court's order to show cause filed July 27, 1990, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that this appeal be dismissed for lack of appellate jurisdiction.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellant Jeffrey Young-Bey seeks our review of an order filed by District Judge Stanley S. Harris on July 13, 1989. The order denied appellant's motion, made in reliance upon Rule 35 of the Federal Rules of Criminal Procedure, to correct allegedly illegal determinate sentences imposed on Young-Bey on January 13, 1989, in Cr. No. 88-325 and Cr. No. 88-364. Appellant maintains that, instead of the determinate sentences he received under the Federal Sentencing Guidelines, he should have received indeterminate sentences under D.C.Code Sec. 24-203. The D.C.Code provision, Young-Bey believes, requires all trial courts in the District of Columbia, federal as well as local, to impose indeterminate sentences.
 
 
 5
 We must dismiss the appeal. No notice of appeal was ever filed from Judge Harris' July 13, 1989 order. In criminal matters, the Federal Rules of Appellate Procedure specify that the notice of appeal must be filed in the district court within ten days after the entry of the order appealed from, subject to an extension by the district court for no more than an additional thirty days upon a showing of excusable neglect. Fed.R.App.P. 4(b). Compliance with the Rule is "mandatory and jurisdictional." See United States v. Long, 905 F.2d 1572, 1574 (D.C.Cir.1990).
 
 
 6
 Young-Bey, in his response, filed October 4, 1990, to our July 27, 1990 order to show cause, stated that he filed no notice of appeal from the denial of his Rule 35 motion because he was incarcerated and did not hear that Judge Harris had denied the motion until six months after the order issued, by which time the Rule 4(b) maximum period of forty days had long expired. But even if we had authority to allow the filing of a notice of appeal from the July 13, 1989 order at this late date, we would still lack jurisdiction to hear Young-Bey's appeal. As Judge Harris concisely indicated, Rule 35 is of no avail to Young-Bey on the matter he raises. The Rule applies to (a) district court correction of a sentence on remand after appeal, and (b) government motions to lower a sentence. Young-Bey's plea cannot fit either description.
 
 
 7
 We note, moreover, that Young-Bey never raised any objections to the district court's reliance on the Guidelines, as opposed to D.C.Code Sec. 24-203, during the plea or sentencing proceedings in Cr. No. 88-325 and Cr. No. 88-364. And we are cognizant of the government's recent application to the district court to reduce Young-Bey's sentence pursuant to 18 U.S.C. Sec. 3553(e). There is no cause further to delay completion of that adjudication.